IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS P. SMITH, JR., <br><br> Plaintiff, <br><br> v. <br><br> BRIAN ARMSTRONG, <br><br> Defendant. | No. 2:21-CV-0110-KJM-DMC <br><br> FINDINGS AND RECOMMENDATIONS |

      Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is Plaintiff's complaint, ECF No. 1.

      The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the second amended complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names Brian Armstrong, CEO of Coinbase Company, as the sole Defendant. See ECF No. 1, pgs. 2, 5. Plaintiff asserts that he is a citizen of the State of California, and that Defendant is a corporation, incorporated under the laws of the State of California, with its principal place of business in the State of California. See id., pgs. 4-5. It appears from the papers attached to the complaint that Plaintiff is asserting a claim for fraud based on "fishy" conduct, "math or strategy mismatch" and "digital counter spinner errors" performed by Defendant relating to the purchase of tokens and associated payouts of rewards. See id., pgs. 7-12. Plaintiff alleges that Defendant has a "dirty business" in that it "cheated" Plaintiff because Defendant's "digital counter spinners had issues." Id., pg. 12. Plaintiff states that federal jurisdiction is based on diversity of citizenship and states that the amount in controversy is $1,000,000.00. See id., pgs. 3, 5. Plaintiff does not allege any violation of federal law.

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Under Federal Rule of Civil Procedure 8(a)(1), a pleading must contain a short and plain statement of the grounds for the court's jurisdiction. See Harris v. Rand, 682 F.3d 846, 850 (9th Cir. 2012). Federal courts can only adjudicate those cases in which the Constitution or Congress has authorized adjudication; namely those cases involving diversity of citizenship, federal question, or those cases to which the United States is a party. See 28 U.S.C. §§ 1331, 1332; see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); see also Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908) (discussing suits based on federal law create federal question jurisdiction); see Strubel v. SAIF Corp., 848 F. App'x 745, 746 (9th Cir. 2021) (affirming dismissal of plaintiff's action for lack of subject matter jurisdiction for failure to allege any violation of federal law or diversity of citizenship in amended complaint).

///

2

In cases involving federal question, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In diversity cases, however, district courts only have original subject matter jurisdiction where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332. No plaintiff can be a citizen of the same state as any of the defendants. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008). Individuals are citizens of the state in which they are domiciled—that is, the states in which they reside with intent to remain permanently. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Diversity jurisdiction is determined at the time of the filing of the complaint. See Co-Efficient Energy Systems v. CSL Industries, Inc., 812 F.2d 556, 667 (9th Cir. 1987).

The party asserting diversity jurisdiction is required to establish "by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Ford Motor Co./Citibank (South Dakota), 264 F.3d 952, 957 (9th Cir. 2001). "The amount in controversy alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive dispute—controls so long as the claim is made in good faith" and is based on the face of the pleadings. Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010); see Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). If a Plaintiff fails to meet the requirements of both complete diversity and amount in controversy, the court must dismiss for lack of jurisdiction. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1092 (9th Cir. 1983) (confirming principle that congressional grant of diversity jurisdiction is to be strictly construed).

Here, Plaintiff asserts that he is a citizen of the State of California and that Defendant, as a corporation, is incorporated under the laws of California and has its principal place of business also in California. Even though Plaintiff asserts the amount in controversy is $1,000,000.00, which satisfies the amount in controversy requirement, Plaintiff must satisfy both

complete diversity of the parties and the amount in controversy. By Plaintiff's own submission, Defendant and Plaintiff are not diverse because both reside in the State of California. Thus, the Court finds since both Plaintiff and Defendant reside in California, complete diversity does not exist as required under 28 U.S.C. § 1332.

The Court further finds that, because it appears that Plaintiff is alleging a state law claim for fraud, Plaintiff has also failed to raise any basis for jurisdiction under federal question pursuant to 28 U.S.C. § 1331.

### III.  CONCLUSION

A dismissal for lack of subject-matter jurisdiction should be without prejudice unless there is no way to cure the jurisdictional defect. See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam); Lou v. Belzberg, 834 F.2d 730, 734–35 (9th Cir. 1987). Here, the jurisdictional defects outlined above cannot be cured.

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 18, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE