IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SMITH, JR., | No. 2:21-cv-00110-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| BRIAN ARMSTRONG, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action. The matter was referred to a United States Magistrate Judge as provided by Eastern District of California local rules.

On October 19, 2022, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within fourteen days. F. & R., ECF No. 4. No objections to the findings and recommendations have been filed.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . .").

/////

1

Having reviewed the file, the court **adopts** the findings and recommendations **in part** and **declines to adopt** them **in part**.  As the magistrate judge set forth in the findings and recommendations, the court agrees plaintiff's case lacks subject matter jurisdiction.  F. & R. at 1.  But the court disagrees plaintiff's case should be dismissed with prejudice.  *See id.* at 4 (citing *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam)).  Based on just the plaintiff's complaint, the court cannot conclude plaintiff has no viable federal claim against defendant.  *See* Compl., ECF No. 1.  Moreover, the magistrate judge has not explained why plaintiff may not reassert his state law claims in a court with jurisdiction.  *See generally* F. & R.  Unlike the *Frigard* case cited by the magistrate judge, this case does not involve sovereign immunity that would bar any claims plaintiffs may have against defendant.  *See* 862 F.2d at 204.  Thus, the court declines to adopt the findings and recommendations to the extent they recommend this court dismiss plaintiff's case with prejudice.  The court instead **dismisses** plaintiff's case **without prejudice.**  *See id.* (stating a dismissal for lack of jurisdiction should be without prejudice unless plaintiff has no way to cure the jurisdictional defect); *see also* F. R. Civ. P. 41(b) ("[an involuntary dismissal]—except one for lack of jurisdiction . . .—operates as an adjudication on the merits").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 19, 2022, ECF No. 4, are adopted in part and not adopted in part;

2. This action is dismissed without prejudice for lack of jurisdiction; and

3. The clerk of the court is directed to enter judgment and close this file.

DATED:  January 17, 2023.

CHIEF UNITED STATES DISTRICT JUDGE